IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT AND WINIFRED BIGHAM
(husband and wife), ALLYSON
PALLAY and BART BIGHAM                    11cv-786

Plaintiffs,                               **ELECTRONICALLY FILED**

v.

WHARTON TOWNSHIP, NICHOLAS
JORDAN, JAMES MEANS, LANDIS
LIVINGOOD,

Defendants.

### MEMORANDUM AND OPINION

Plaintiffs, a husband and wife and their two children, brought this lawsuit against the municipality and several individuals claiming violations of their Fourth and Fourteenth Amendment rights. Plaintiffs' First Amended Complaint alleges that some of the Defendants lost a civil lawsuit regarding the boundary lines of Plaintiffs' 15.5 acres of real property ("the Property"). Plaintiffs further allege that after losing the boundary dispute, all of the Defendants maliciously engaged in prosecutorial acts[1] which amount to abuse of legal process and which breached Plaintiffs': (1) Fourth Amendment rights, privileges, and immunities, and (2) Fourteenth Amendment rights to due process. In addition, Plaintiffs claim Defendants violated their substantive due process rights to peaceable ownership, possession, use, enjoyment, and control of the Property.

Defendants Wharton Township and Means filed a Partial Motion to Dismiss the First Amended Complaint contending that Plaintiffs failed to allege facts that could support a feasible

---

[1] This Court notes that Plaintiffs' Amended Complaint references two distinct prosecutorial acts, but Plaintiffs' Brief in Opposition to Defendant Jordan's Motion to Dismiss (doc. no. 42) references a third event. This Court has considered only the facts pled in the Amended Complaint in deciding the Motions to Dismiss currently before it.

claim for the violation of their Fourteenth Amendment substantive due process rights.  Doc. no. 27.  Defendant Jordan filed a Motion to Dismiss the Amended Complaint in its entirety.  Doc. no. 37.  Plaintiffs opposed each Motion.  Doc. nos. 33 and 42.

For the reasons set forth at length herein, Defendants Wharton Township's and Means' Partial Motion to Dismiss shall be denied.  Defendant Jordan's Motion to Dismiss shall also be denied.  Each Motion will be addressed in detail below.

## I.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading.  Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the …claim is and the grounds on which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a Motion to Dismiss, a party must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly* 550 U.S. at 570).  A claim has facial plausibility when a party pleads facts that allow the Court to draw the reasonable inference that the defendant may be liable for the misconduct alleged.  *Id*. at 1949.  However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly* 550 U.S. at 555).  In deciding a Motion to Dismiss, the Court must determine whether the Complaint or Answer "pleads factual content that allows the court to draw the reasonable inference that the defendant (or plaintiff) is liable for the misconduct alleged."  *Pennsyl. Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949).  "While legal conclusions can

provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See* also *Fowler v. UPMC Shadyside*, 578  F.3d 203, 210-11.

As recently discussed by the United States Court of Appeals for the Third Circuit, a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id.* at 1950.  Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id.*  This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

When determining whether a party has presented facts sufficient to show a "plausible claim for relief," the Court must consider the specific nature of the claim presented and the facts pled to substantial that claim.  For example, in *Fowler*, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." 578 F.3d at 212.  The Court, while noting that the Complaint was "not as rich with detail as some might prefer," the "how, when, and where" provided by the plaintiff was sufficient to establish plausibility.  *Id*. at 211-12.

The facts alleged in the Complaint or Answer, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff.  *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.  The Court may not dismiss a Complaint or Counterclaim merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits.  *Id*. at 556, 563 n.8.  Instead, the Court must ask whether the

facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint or counterclaim that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212; *See Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009).

In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Id.* at 563, n.8.

## II. FACTUAL BACKGROUND

This "Hatfield-McCoy case" contains many well-pled facts, but only those relevant to Defendants' respective Motions to Dismiss will be discussed *infra*.

The Amended Complaint indicates that Plaintiffs Allyson Pallay and Bart Bigham (brother and sister), are two of the four owners of the Property (hereinafter "Plaintiff-Owners") which lies in Wharton Township and at the heart of Plaintiffs' lawsuit. Doc. no. 23 at ¶ 21. These two Plaintiff-Owners do not reside on or near the Property at issue.[2] *Id.* at ¶ 22. Plaintiffs Robert and Winifred Bigham have control, possession, and use of the Property by virtue of agreement, authorization, and power of attorney of the Plaintiff-Owners and the other two owners. *Id.* at ¶ 23. Plaintiffs Robert and Winifred Bigham pay the property tax on the Property. *Id.* at ¶ 26.

The Property's boundary lines had been the subject of a civil lawsuit brought in Pennsylvania's Court of Common Pleas of Fayette County by Plaintiffs Robert and Winifred Bigham against Defendant Livengood's daughter and son-in law, who owned a parcel of land adjacent to the Property. *Id.* at ¶¶ 31, 33. Plaintiffs Robert and Winifred Bigham allegedly brought the boundary line lawsuit to address alleged ongoing trespasses on the Property. *Id.* at

---

[2] None of the four Property Owners live on or near the Property.

4

¶¶ 31-33.  During the pendency of the boundary line lawsuit, a Wharton Township supervisor (who is not a party to this lawsuit) testified that a portion of the Property belonged to Defendant Wharton Township.  *Id.* at ¶¶ 35-36.  In 2006, following a civil trial in the Fayette County Court, Judge Wagner determined that no portion of the Property belonged to Defendant Wharton Township and entered an Order enjoining Plaintiffs' neighbors from trespassing on the Property. *Id*. at ¶¶ 37-38.

Plaintiffs' First Amended Complaint alleges that in 2009, Defendants engaged in various intentional and prosecutorial acts – such as their initiation and pursuit of criminal and motor vehicle code violations against Plaintiff Robert Bigham – all of which lacked a legal basis.  *Id.* at ¶¶ 38, 40-42, 55, 59-65, 69, 73-74, 78, 80, 83, 88, 90, 93-94, 99-101.  Plaintiffs also allege that Defendants initiated and pursued these violations maliciously and solely to advance the interests of Defendant Wharton Township, its supervisor, Defendant James Means, and Plaintiffs' neighboring property owners, in order to gain access to the Property's 15.5 acres.  *Id*.

Plaintiffs specifically allege that Defendant Wharton, through its supervisors and employees, repeatedly trespassed on the Property and permitted others to do so.  *Id*. at ¶¶ 40-42. Plaintiffs further allege that on more than one occasion, Defendant Jordan, a Pennsylvania State Police Trooper, intentionally cited and illegally arrested Plaintiff Robert Bigham for various infractions directly related to the Property.  *Id.* at ¶¶ 55, 59, 64, 73-74, 82, 93-94.  Defendant Means, a supervisor for Defendant Wharton Township, allegedly provided perjured testimony concerning the boundaries of the Property during the alleged illegal prosecution of Plaintiff Robert Bigham.  *Id*. at ¶¶ 67-69.  Defendant Livengood, the father of one of the neighboring property owners, allegedly conspired with all other Defendants with respect to the intentional

trespass on the Property and the malicious prosecutions of Plaintiff Bigham.  *Id*. at ¶¶ 60-62, 80-81, 99, 101, 110.

Finally, Plaintiffs allege that Defendants failed to take any action against those individual(s) who trespassed on the Property, and "ordered" the opening or removal of a gate located within the Property's boundaries.  *Id*. at ¶¶ 82, 95-111.  Plaintiffs claim that the inaction on the part of Defendants Wharton Township, Jordan, and Means constitutes a further violation of their Constitutional rights.  *Id*.

### III. DISCUSSION

#### A. Defendants Wharton Township's and Means' Partial Motion to Dismiss

Defendants contend that Count II of the Amended Complaint must be dismissed for two reasons: (1) the conduct alleged by Plaintiffs fails to shock the conscience as required by law to assert a substantive due process claim; and (2) Plaintiffs Robert and Winifred Bigham failed to assert sufficient facts necessary to exhibit they have standing to assert a cause of action for deprivation of their substantive due process rights.  Each argument will be discussed *seriatim*.

#### 1. Conscience-Shocking Conduct

Defendants correctly note that in order to be actionable, the government's deprivation of a plaintiff's protected interest must "shock the conscience." *Chambers ex rel. Chambers v. School Dist. Of Philadelphia Bd Of Educ.,* 587 F.3d 176, 190 (3d Cir. 2009).  In order shock the conscience, "only the most egregious official conduct" can meet this threshold.  *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998); see also, *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010).  The conduct must be "intended to injure in some way [and be] unjustifiable by any government interest. . . ." *County of Sacramento*, 523 U.S. at 849.

As succinctly explained by the United States Court of Appeals for the Third Circuit in

*Chambers*:

> . . . because "the nature of the conduct that is sufficiently egregious to shock the conscience varies depending on the context," *United Artists Theatre Circuit*, 316 F.3d at 399 n. 5, a court must "determine what level of conduct is egregious enough to amount to a constitutional violation and, then, whether there is sufficient evidence that [the defendant's] conduct rose to that level." *Nicini [v. Morra]*, 212 F.3d at 809.

587 F.3d at 190.

Here, "the context" of this lawsuit involves land use rights. Defendants contend that in land use cases, evidence of corruption or self-dealing must be present. *See Eichenlaub v. Township of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004) (except for retaliation allegation, plaintiff's counsel's admission that there was no self-dealing or corruption in zoning dispute caused substantive due process claim to fail). Defendants allege that Count II must be dismissed because Plaintiffs failed allege any sort of corruption or self-dealing.

Without commenting as to whether corruption and self-dealing are the only two factors to be considered when legally determining whether conduct, in a land use case, shocks the conscience, Plaintiffs' Amended Complaint asserts facts which plausibly assert that corruption and/or self-dealing were present here. *See, e.g.,* ¶¶ 36-37, 40-42, 67-70. Under the *Twombly* and *Iqbal* standard, Count II of Plaintiffs' Amended Complaint is sufficiently pled and will not be dismissed.

### 2. Standing to Assert Substantive Due Process Claim

Next, Defendants argue that because Plaintiffs Robert and Winifred Bigham do not own the Property, they lack standing to assert that their substantive due process rights in the Property were violated by one or more Defendants. Relying upon two unreported district court cases,

7

Defendants urge this Court to dismiss all substantive due process claims brought by Plaintiffs Robert and Winifred Bigham.  One of the two cases relied upon by Defendant arose out of the sale of fireworks and the other concerned a zoning dispute.

Plaintiffs contend that land ownership is not, in and of itself, singularly dispositive of whether a person's substantive due process rights can be violated.  They contend that as possessors of the land, via a legal contract with the Plaintiff-owners, they hold substantive due process rights with respect to their possession of and control over the Property.

The law in this Circuit makes it clear that a land <u>owner</u> has a property interest entitled to substantive due process protection.  *See Nicholas v. Penn State University*, 227 F.3d 133, 141 (3d Cir. 2000) (one would be hard-pressed to find a property interest more worthy of substantive due process protection than land ownership); and *Diblasio v. Zoning Board of Adjustment for the Twpl of West Amwell*, 53 F.3d 592, 600 (3d Cir.1995) (ownership is a property interest worthy of substantive due process protection).   However, the case law governing whether <u>possessors</u> of real property maintain the same substantive due process rights as owners is not abundant.

The Court of Appeals for the Third Circuit has commented:

> . . . On past occasion, we have lamented that the case law of this circuit and the Supreme Court provides very little guidance as to what constitutes this "certain quality" of property interest worthy of protection under the substantive due process clause. Nevertheless, we believe that a careful review of the case law does reveal one guiding principle: whether a certain property interest embodies this "particular quality" is not determined by reference to state law, but rather depends on whether that interest is "fundamental" under the United States Constitution.... [T]his Circuit has adopted an approach to substantive due process that focuses on the nature of the property interest at stake. By way of illustration, we have so far limited non-legislative substantive due process review to cases involving real property ownership ... we have been reluctant to extend substantive due process protection to other, less fundamental property interests.

*Gikas v. Washington School Dist.*, 328 F.3d 731, 735-6 (3d Cir. 2003) (internal citations and quotes omitted).

Turning to the facts of this case as pled in the Amended Complaint, the Court finds that Plaintiffs Robert and Winifred Bigham have pled that they have rights with respect to the Property due to their possessory interest in the land.  Plaintiffs' Amended Complaint provides specific facts concerning Robert and Winifred Bigham's alleged rights.  For example, they claim to have an agreement with the Plaintiff-Owners granting them certain land use rights and allege they pay the real estate taxes associated with the Property.  The question is whether Robert and Winifred Bigham's rights in the Property rise to the level of substantive due process.

Most of the cases discussed by the parties in their respective briefs involve zoning disputes where landowners and/or possessors sued claiming they were subjected to alleged illegal zoning laws or the alleged illegal application of those laws.  Here, however, Plaintiffs' Amended Complaint avers that on more than one occasion, Defendant Wharton Township, an allegedly corrupt government entity, and/or Defendant Means, an allegedly corrupt official, acted in concert with Defendant Jordan, a state police officer, and a neighboring landowner's caretaker (Defendant Livengood) to physically invade the Property and specifically deprive Plaintiffs (via these physical invasions, *i.e.* governmental takings) of their real property (or, at a minimum, the use of, enjoyment of, and control over the real property), presumably for actual and/or pecuniary gain.  *See i.e.*, doc. no. 23 at ¶¶ 40-42, 60-62, 110.  Thus, the facts of this case are not akin to the facts set forth in any of the cases cited by either party.

Based upon the unique allegations pled in Plaintiffs' Amended Complaint, the Court will deny the Partial Motion to Dismiss the substantive due process claim (Count II) brought by Plaintiffs Robert and Winifred Bigham.

### B.  Defendant Jordan's Motion to Dismiss

Defendant Jordan contends that the entire Amended Complaint against him should be dismissed.  First, he claims Plaintiffs cannot support a Fourth Amendment claim (Count I) against him because: (1) he had probable cause to arrest and charge Defendant Robert Bigham, and (2) towing Plaintiffs' car does not rise to level of a Fourth Amendment seizure.  Second, Defendant Jordan contends he has qualified immunity and cannot be sued (Counts I and II).  Third, he claims the Fourteenth Amendment claim (Count II) brought against him is barred by the explicit source doctrine.  Fourth, he contends that even if not barred, his actions do not "shock the conscience" as required to assert a *prima facie* case for substantive due process violations (Count II).  Finally, Defendant Jordan argues that: (1) Plaintiffs Allyson Pallay and Bart Bigham have no standing to lodge either claim (Counts I and II) against him, and (2) Plaintiff Winifred Bigham has no standing to lodge a false arrest or malicious prosecution claim (Count I) against him.  Each argument will be addressed briefly below.

### 1.    Fourth Amendment – Count I – Probable Cause and Illegal Seizure

Defendant Jordan contends that he had probable cause to arrest Plaintiff Robert Bigham when Plaintiff Bigham trapped Andrew Stump's vehicle on the Property.[3]  See doc. no. 38, p. 4.  Defendant Jordan claims that by confining Andrew Stump's vehicle to his own rental property and refusing to allow him to travel across the Property to access a main road, Plaintiff Robert Bigham's acts constituted Theft by Unlawful Taking and justified his arrest.  *Id.*

---

[3]  According to the Amended Complaint, Andrew Stump rented real property adjacent to the Property and was the person who owned the vehicle in question.  Doc no. 23, ¶¶ 43-44, 52.  Mr. Stump contacted the state police when he could not drive his vehicle on the Property due to a locked gate erected by one or more of the Plaintiffs. *Id.* at ¶ 53.

In addition, Defendant Jordan argues that seizure of one of the Bigham vehicles does not rise to the level of a Fourth Amendment seizure.[4]  Specifically, Defendant Jordan argues that the removal of the vehicle fell with his "community caretaking function" to prevent Plaintiffs from blocking the roadway.  *Id.* at p. 5.  This argument assumes that traversing over the Property was the only means of Mr. Stump's ingress and egress from his rental property to "the main road."[5] *Id.* at pp. 4-5.  Notably, the Amended Complaint does not state that traversing the Property was Mr. Stump's only means of ingress and egress from his rental property to "the main road."

However, the Amended Complaint does indicate that Plaintiffs Robert and Winifred Bigham live at 47 Marker Road (doc. no. 23 at ¶¶ 5, 8), Defendant Livengood has a mailing address at 22 Marker Road (*id.* at ¶ 18), and the Property is located "near the Bighams' home" at the end of Marker Road (*id.* at ¶¶ 20, 79).  The Amended Complaint further alleges Marker Road is (at least partially if not entirely) located in Wharton Township.  *Id.*  Plaintiffs also allege that Mr. Stump's rental property is located in Wharton Township, is adjacent to the Property, and that Defendant Livengood is the caretaker of Mr. Stump's rental property.  *Id.* at ¶¶ 31, 39, 43-44.

The Amended Complaint further indicates that Plaintiffs: (1) notified Mr. Stump several times that he was trespassing on the Property; (2) informed him they would be erecting a gate on the Property; and (3) after erecting the gate did not lock it, only wired it closed to allow Mr. Stump "a final opportunity to make travel arrangements" which did not require him to traverse

---

[4]  The Amended Complaint indicates that after Plaintiff Robert Bigham's arrest, the gate was removed by someone other than the Plaintiffs at Defendant Jordan's direction.  Doc. no. 23, ¶¶ 62, 75.  Subsequent to the gate removal, Mr. Stump drove his vehicle over the Property.  *Id.* at ¶ 76.  After observing him do so, "the Bighams parked one of their vehicles on the Property in such a way to block further trespass by Mr. Stump.  *Id.*  Days later, Defendants Jordan, Means, and Livengood "reached an agreement to have the Bigham's vehicle towed."  *Id.* at ¶ 80.  Plaintiffs further allege that Defendant Jordan arranged to have a tow truck enter the Property and tow the Bigham's vehicle [from the Property]."  *Id.* at ¶ 81.

[5]  The name of this "main road" was not provided by Defendant Jordan nor any other party.

the Property.  *Id.* at ¶¶ 47-51.  Several days after Plaintiffs erected the gate, Mr. Stump found the gate locked and contacted the state police because the gate "interfered with his normal route" to and from his rental property.  *Id.* at ¶ 53.

Accordingly, based solely on the facts set forth in the Amended Complaint, Defendant Jordan's probable cause and illegal seizure arguments fail and his Motion to Dismiss Count I will be denied on these grounds.

### 2. Fourth and Fourteenth Amendment – Counts I and II – Qualified Immunity

Defendant Jordan relies upon *Draper v. Darby Township Police Department*, 2011 WL 3240835 (E.D. Pa. 2011), claiming it stands for the blanket proposition that if a police officer violates that Fourth Amendment, he will be entitled to qualified immunity.

As noted above in subpart "A.," the Amended Complaint avers that Defendant Wharton Township, an alleged corrupt government entity, and/or Defendant Means, an alleged corrupt official, acted in concert with Defendant Jordan, a state police officer, and Defendant  Livengood to specifically deprive the Plaintiffs via eminent domain of the use and enjoyment of and control over their real property.  *See i.e.*, doc. no. 23 at ¶¶ 40-42, 60-62, 110.  Moreover, the Amended Complaint also alleges that Defendant Jordan, prior to transporting Plaintiff Robert Bigham to jail after arresting him, first stopped at Defendant Livengood's home and conferred with Defendant Livengood for twenty minutes.  *Id.* at ¶¶ 60-62.   In addition, the Amended Complaint alleges that on a subsequent occasion, Defendant Jordan acted in concert with Defendant Livengood to physically invade the Property.  *Id.* at ¶¶ 62, 80.  These are distinct facts unlike any facts set forth in any of the cases cited by either party.

Based solely upon the unique facts as set forth in the Amended Complaint, Defendant Jordan's Motion to Dismiss Counts I and II shall be denied on this ground.

### 3.    Fourteenth Amendment – Count II – Explicit Source Doctrine

Defendant Jordan next argues that Plaintiffs' Fourth and Fourteenth Amendment claims are repetitious because Plaintiffs' Fourth Amendment claim is predicated upon the alleged violation of their rights to "bodily integrity, the right to be free from false arrest, malicious prosecution, unreasonable search and seizures, and abuse of process."  Doc. no. 38, p. 7. Defendant Jordan contends that Plaintiffs' Fourteenth Amendment due process right claim is also based upon the alleged violation of their rights to "bodily integrity, the right to be free from false arrest, malicious prosecution, unreasonable search and seizures, and abuse of proves."  *Id.* Relying on *Haagenson v. Penna. State Police*, 2010 WL 256578 (W.D. Pa. 2010) and *Albright v. Oliver*, 510 U.S. 266, 273 (1994), Defendant Jordan contends the Plaintiffs' Fourteenth Amendment claim must be dismissed.

Plaintiffs respond by directing this Court to paragraphs 120 and 121 of the Amended Complaint.  Therein, Plaintiffs allege that Defendant Jordan adversely affected the Plaintiffs' rights to "peaceable ownership, possession, use, enjoyment and control of and/or over their property."[6]  Thus, Plaintiffs contend that Defendant Jordan violated their Fourth Amendment rights with regard to the alleged seizure of their car and the false arrest of Plaintiff Robert Bingham.  They also contend that Defendant Jordan, when he allegedly engaged in complicit conduct, adversely affected all of Plaintiffs' respective and various substantive due process rights with respect to the Property.

Because this is a Motion to Dismiss and not a Motion for Summary Judgment and because there are adequate facts pled to plausibly support a conclusion set forth in paragraphs 120 and 121, this Court will deny Defendant Jordan's Motion to Dismiss in this regard.

---

[6] Plaintiffs pled supporting facts throughout their Amended Complaint (as mentioned in preceding subsections of this Opinion) which provide the factual foundation for the legal conclusions set forth in paragraphs 120 and 121.

### 4.        Fourteenth Amendment – Count II – Conscience Shocking

Like Defendants Wharton Township and Means, Defendant Jordan claims his alleged conduct does not shock the conscience and thus, does not expose him to a Fourteenth Amendment substantive due process claim.  This Court has analyzed the Amended Complaint for its allegations and considers the current state of the pleading adequate to plausibly support a finding of conscience shocking behavior on the part of Defendants Wharton Township, Means, and Jordan.  Accordingly, based upon the same reasons set forth in subpart "A. 1." above, this Court will deny Defendant Jordan's Motion to Dismiss Count II of the Amended Complaint.

### 5.        Fourth and Fourteenth Amendment – Counts I and II – Standing of Plaintiffs Allyson Pallay, Bart Bigham, and Winifred Bigham

Finally, Defendant Jordan claims that Plaintiffs Allyson Pallay, Bart Bigham, and Winifred Bigham lack standing to raise certain claims set forth against him in the Amended Complaint.

First, Defendant Jordan notes that Plaintiffs Allyson Pallay and Bart Bigham were not arrested and their car was not the one that Defendant Jordan caused to be towed.  However, they own the Property and the Amended Complaint alleges that Defendant Jordan personally physically invaded the Property illegally, or at a minimum, assisted and/or worked in concert with the other Defendants to allegedly permit non-property owners to trespass on the Property. Although this Court acknowledges that Plaintiffs Allyson Pallay's and Bart Bingham's Fourth Amendment claims against Defendant Jordan seem tenuous, the Court finds that Plaintiffs alleged adequate facts to allow their Fourth Amendment claim to survive this Motion to Dismiss.

Next, Defendant Jordan claims that Winifred Bigham likewise was not arrested or prosecuted in any way.  However, the Amended Complaint does not indicate which of the two Bighams owned the car that was allegedly seized illegally.

Accordingly, based on the allegations set forth in the Amended Complaint, this Court is constrained at this juncture to allow the claims brought by Plaintiffs Allyson Pallay, Bart Bigham, and Winifred Bigham to proceed against Defendant Jordan.

IV.    CONCLUSION

Based on the foregoing, Defendants Wharton Township's and Means' Partial Motion for Summary Judgment (as to Count II) shall be denied.  Defendant Jordan's Motion to Dismiss the Amended Complaint in its entirety shall likewise be denied.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge